**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JANE DOE,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.: 5:21-CV-00369-XR** |
| | § | |
| | § | |
| **KERRVILLE INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| **Defendant.** | § | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Now comes, Kerrville Independent School District ("Defendant") and file its Answer and Affirmative Defenses. In connection therewith, the Defendant would show the Court as follows:

## ANSWER

Pursuant to Fed. R. Civ. P. 8(b), Defendant denies, each and every allegation in the Original Complaint except those allegations specifically admitted below in this section. The paragraphs below correspond to the numbered paragraphs in Plaintiff's Original Complaint.[1]

1. Defendant is without information to admit or deny the allegations set forth in Plaintiff's Original Complaint paragraph 1.

2. Defendant is without information to admit or deny the allegations set forth in Plaintiff's Original Complaint paragraph 2.

3. Defendant admits the allegations set forth in paragraph 3.

4. Defendant is without information to admit or deny the allegations set forth in Plaintiff's Original Complaint paragraph 4, except Defendant denies the allegation she finished with a 100.800 grade point average.

---

[1] Plaintiff's Original Complaint begins with two un-numbered paragraphs. The allegations in those paragraphs are denied.

5. Defendant is without information to admit or deny the allegations set forth in Plaintiff's Original Complaint paragraph 5.

6. Defendant admits the allegations of paragraph 6.

7. Defendant is without information to admit or deny the allegations set forth in Plaintiff's Original Complaint paragraph 7.

8. Defendant is without information to admit or deny the allegations set forth in Plaintiff's Original Complaint paragraph 8.

9. Defendant is without information to admit or deny the allegations set forth in Plaintiff's Original Complaint paragraph 9.

10. Defendant is without information to admit or deny the allegations set forth in Plaintiff's Original Complaint paragraph 10.

11. Defendant admits the allegations of paragraph 11.

12. Defendant is without information to admit or deny the allegations set forth in Plaintiff's Original Complaint paragraph 12.

13. Defendant is without information to admit or deny the allegations set forth in Plaintiff's Original Complaint paragraph 13.

14. Defendant is without information to admit or deny the allegations set forth the first sentence of paragraph 14. Defendant admits he emailed her and texted her. Defendant is without information to admit or deny the allegations set forth in the remaining sentences in Plaintiff's Original Complaint paragraph 14.

15. Defendant admits the allegations of paragraph 15.

16. Defendant is without information to admit or deny the allegations set forth in Plaintiff's Original Complaint paragraph 16, except Defendant admits they sat together on the bus.

17 Defendant is without information to admit or deny the allegations set forth in Plaintiff's Original Complaint paragraph 17.

18. Defendant admits the allegations of paragraph 18, but avers that it was 4:45 p.m.

19. Defendant is without information to admit or deny the allegations set forth in Plaintiff's Original Complaint paragraph 19, except Defendant admits he told Jane he needed to report what happened and that all of the statements acknowledge the sexually explicit joke.

20. Defendant denies the allegations in Plaintiff's Original Complaint paragraph 20.

21. Defendant is without information to admit or deny the allegations set forth in Plaintiff's Original Complaint paragraph 21.

22. Defendant is without information to admit or deny the allegations set forth in Plaintiff's Original Complaint paragraph 22.

23. Defendant admits the allegations of the first two sentences of paragraph 23. Defendant is without information to admit or deny the remaining allegations set forth in Plaintiff's Original Complaint paragraph 23.

24. Defendant is without information to admit or deny the allegations set forth in Plaintiff's Original Complaint paragraph 24.

25. Plaintiff Jane outcried on September 7 to Chief Brunz, but Defendant is without information to admit or deny the remaining allegations set forth in Plaintiff's Original Complaint paragraph 25.

26. Defendant admits the allegations of the first sentence of paragraph 26. Defendant denies the allegations of paragraph 26 that she phoned Assistant Superintendent Wade Ivy on her way out. Defendant admits the remaining allegations of paragraph 26.

27. Defendant admits the allegations of the first two sentences of paragraph 27. Defendant denies the remaining allegations of paragraph 27.

28. Defendant admits the allegations of paragraph 28 that Edwards chose to resign. Defendant denies the remaining allegations of paragraph 28.

29. Defendant is without information to admit or deny the allegations set forth in Plaintiff's Original Complaint paragraph 29.

30. Defendant denies the allegations of paragraph 30.

31. Defendant denies the allegations of paragraph 31.

32. Defendant denies the allegations of paragraph 32, except Defendant admits Plaintiff quit JROTC.

33. Defendant denies the allegations of paragraph 33.

34. Defendant denies the allegations of paragraph 34.

35. Defendant denies the allegations of paragraph 35.

36. Defendant admits the allegations of paragraph 36, except Defendant denies he was "possessive of" Jane Doe.

37. Defendant admits the allegations of paragraph 37.

38. Defendant admits the allegations of paragraph 38.

39. Defendant denies the allegations of paragraph 39, but admits there was a meeting with Jane and her parents.

40. Defendant denies the allegations of paragraph 40.

41. Defendant denies the allegations of paragraph 41.

42. Defendant admits the allegations of paragraph 42.

43. Defendant denies the allegations of paragraph 43, except Defendant admits the high school did not give class ranks.

44. Defendant admits the allegations of paragraph 44.

45. Defendant admits the allegations of paragraph 45.

46. Defendant admits the allegations of paragraph 46.

47. Defendant denies the allegations of paragraph 47.

48. Defendant admits the allegations of paragraph 48.

49. Defendant admits the allegations of paragraph 49.

50. Defendant admits the allegations of paragraph 50.

51. Defendant admits the action is being brought, but denies Jane Doe's rights, were violated.

52. Defendant admits the allegations of paragraph 52.

53. Defendant admits the allegations of paragraph 53.

54. Defendant denies the allegations of paragraph 54.

55. Defendant denies the allegations of paragraph 55.

56. Defendant admits the allegations of paragraph 56.

57. Defendant admits the allegations of paragraph 57.

58. Defendant admits the allegations of paragraph 58.

59. Defendant admits the allegations of paragraph 59.

60. Defendant denies the allegations of paragraph 60.

61. Defendant denies the allegations of paragraph 61, except Defendant admits inappropriate emails, were sent and admits written statements reported jokes and statements.

62. Defendant denies the allegations of paragraph 62.

63. Defendant is without information to admit or deny the allegations set forth in Plaintiff's Original Complaint paragraph 63.

64. Defendant denies the allegations of paragraph 64.

65. Defendant denies the allegations of paragraph 65.

66. Defendant denies the allegations of paragraph 66.

67. Defendant denies the allegations of paragraph 67.

68. Defendant denies the allegations of paragraph 68.

69. Defendant denies the allegations of paragraph 69.

70. Defendant denies the allegations of paragraph 70.

71. Defendant denies the allegations of paragraph 71.

72. Defendant denies the allegations of paragraph 72.

73. Defendant denies the allegations of paragraph 73.

74. Defendant is without information to admit or deny the allegations set forth in Plaintiff's Original Complaint paragraph 74.

75. Defendant is without information to admit or deny the allegations set forth in Plaintiff's Original Complaint paragraph 75.

76. Defendant denies the allegations of paragraph 76.

77. Defendant denies the allegations of paragraph 77.

78. Defendant is without information to admit or deny the allegations set forth in Plaintiff's Original Complaint paragraph 78, except Defendant admits Plaintiff quit JROTC.

79. Defendant denies the allegations of paragraph 79.

80. Defendant denies the allegations of paragraph 80.

81. Defendant denies the allegations of paragraph 81, except Defendant admits item (c) – with the exception of the description “possessive”, Defendant admits items (d), (e), and (g).

82. Defendant denies the allegations of paragraph 82.

83. Defendant is without information to admit or deny the allegations set forth in Plaintiff's Original Complaint paragraph 83.

84. Defendant denies the allegations of paragraph 84.

85. Defendant denies the allegations of paragraph 85.

86. Defendant denies the allegations of paragraph 86.

87. Defendant denies the allegations of paragraph 87.

88. Defendant denies the allegations of paragraph 88.

89. Defendant denies the allegations of paragraph 89, except Defendant admits Plaintiff was at risk for having a grade point average in at least two six week courses and Defendant admits Plaintiff did not have a class rank since none were given at that high school.

90. Defendant denies the allegations of paragraph 90.

91. Defendant denies the allegations of paragraph 91.

92. Defendant denies the allegations of paragraph 92.

93. Defendant denies the allegations of paragraph 93.

94. Defendant denies the allegations of paragraph 94.

95. Defendant denies the allegations of paragraph 95.

96. Defendant admits the allegations of paragraph 96.

97. Defendant denies the allegations Jane Doe engaged in all of the protected activities stated in paragraph 97.

98. Defendant denies the allegations of paragraph 98.

99. Defendant denies the allegations of paragraph 99.

100. Defendant denies the allegations of paragraph 100.

101. Defendant denies the allegations of paragraph 101.

102. Defendant denies the allegations of paragraph 102.

103. Defendant denies the allegations of paragraph 103.

104. Defendant denies the allegations of paragraph 104.

105. Defendant denies the allegations of paragraph 105.

106. Defendant denies the allegations of paragraph 106.

107. Defendant denies the allegations of paragraph 107.

108. Defendant denies the allegations of paragraph 108.

109. Defendant denies the existence of any claim by Jane Doe with respect to the allegations of paragraph 109.

110. Paragraph 110 states a legal conclusion and requires no response.

111. Defendant denies the allegations of paragraph 111.

112. Paragraph 112 state a legal conclusion and requires no response.

113. Defendant denies the allegations of paragraph 113.

114. Defendant denies the allegations of paragraph 114.

115. Defendant denies the allegations of paragraph 115.

116. Defendant denies the allegations of paragraph 116.

117. Defendant denies the allegations of paragraph 117.

118. Defendant denies the allegations of paragraph 118.

119. Defendant denies the allegations of paragraph 119.

120. Defendant denies the allegations of paragraph 120.

121. Defendant denies the allegations of paragraph 121.

122. Paragraph 122 states a legal conclusion and requires no response.

123. Defendant denies the allegations of paragraph 123, except Defendant admits there were three incident of teacher-student sexual abuse within less than two years.

124. Defendant denies the allegations of paragraph 124.

125. Defendant denies the allegations of paragraph 125.

126. Defendant denies the allegations of paragraph 126.

127. Defendant denies the allegations of paragraph 127.

128. Defendant denies the allegations of paragraph 128.

129. Defendant denies the allegations of paragraph 129.

130. Defendant denies that Plaintiff is entitled to any relief as alleged in paragraph 130.

131. Defendant denies that Plaintiff is entitled to any relief as alleged in paragraph 131.

132. Defendant denies Plaintiff is entitled to any relief as alleged in paragraph 132.

Defendant admits that Plaintiff has requested a trial by jury.

## AFFIRMATIVE DEFENSES

1. Defendant denies any liability in this case under any of the theories of recovery articulated by Plaintiff and further denies that Plaintiff is entitled to any of the relief requested in her Original Complaint.

2. Notwithstanding the foregoing, Defendant asserts that Plaintiff has failed to state a claim upon which relief, can be granted under the Constitution, or under any other statute, constitutional theory, common law or legal authority.

3. Notwithstanding the foregoing, Defendant has not deprived Plaintiff of any state or federal constitutional rights.

4. Notwithstanding the foregoing, Defendant asserts that it acted without deliberate indifference, callous indifference, recklessness, malice or any other discriminatory intent, either general or specific, necessary to give rise to a viable federal or state law cause of action.

5. Notwithstanding the foregoing, Defendant further asserts that it did not engage in any violation of Title VII, or in violation of any other federal or state law.

6. Notwithstanding the foregoing, Defendant asserts that to the extent Plaintiff has suffered any cognizable injury, which Defendant explicitly denies, the Plaintiff's own acts or omissions caused or contributed to the plaintiff's injury.

7. Notwithstanding the foregoing, Defendant asserts that the Court lacks subject matter jurisdiction over Plaintiff's claims to the extent that any of these claims, are barred by immunity or claims not filed within the relevant statute of limitations.

8. Notwithstanding the foregoing, Defendant further asserts that Plaintiff is not entitled to an award of any attorney's fees and claims its entitlement to prohibit such an award.

9. Notwithstanding the foregoing, Defendant further asserts that all statutory limitations of liability and all statutory limitations of damages and/or caps are applicable to this case. Defendant further asserts that it is entitled to a statute of limitations defense with respect to Plaintiff's claims asserted against Defendant to which this defense applies.

10. To the extent that such is or may become applicable, Defendant claims its entitlement to the defenses of lack of standing, failure to exhaust administrative remedies, statute of limitations, mootness, lack of ripeness, wavier, estoppel, laches, failure to mitigate damages, collateral estoppel, *res judicata,* and after acquired evidence for all claims asserted against it. In asserting these defenses, Defendant do not admit that the burden of proving the allegations or

denials contained in the defenses is upon Defendant, but to the contrary, asserts that the burden of proving the allegations contained in many of the defenses is upon the Plaintiff.

11. Notwithstanding the foregoing, Defendant asserts that Plaintiff is not entitled to any of the relief demanded in Plaintiff's Original Complaint and that Plaintiff is not entitled to damages, or costs in any amount. Defendant further asserts that as a matter of law Plaintiff is not entitled to punitive or exemplary damages.

12. Notwithstanding the foregoing, Defendant asserts its entitlement to recover attorney's fees and costs pursuant to the Rules of Civil Procedure, federal and Texas law, and judicial interpretation.

13. Notwithstanding the foregoing, Defendant reserves the right to raise additional defenses that become apparent throughout the factual development of the case.

WHEREFORE, PREMISES CONSIDERED, for the reasons shown above, Defendant prays for the granting of all such other and further relief, general and specific, at law or in equity, to which they show themselves entitled.

Respectfully submitted,

By: /s/ *D. CRAIG WOOD*
D. CRAIG WOOD
State Bar No. 21888700
Email: cwood@wabsa.com
KATIE E. PAYNE
State Bar No. 24071347
Email: kpayne@wabsa.com

**WALSH GALLEGOS TREVIÑO KYLE & ROBINSON P.C.**
1020 NE Loop 410, Suite 450
San Antonio, Texas 78209
210.979.6633 (Telephone)
210.979.7024 (facsimile)
**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 18th day of May 2021, a true and correct copy of the foregoing Defendant's Answer and Affirmative Defenses was electronically filed with the Clerk of the Court using CM/ECF system and has been served on all counsel of record, pursuant to Federal Rules of Civil Procedure as follows:

**ATTORNEY FOR PLAINTIFF:**
L. Todd Kelly
The Carlson Law Firm, P.C.
11606 North Interstate Highway 35
Austin, Texas 78753

Amos L. Barton
The Carlson Law Firm, P.C.
301 Junction Highway, Suite 100
Kerrville, Texas 78028

Heather Lynn Long
Heather Long Law PC
4310 North Central Expressway
Dallas, Texas 75206

/s/ *D. CRAIG WOOD*
D. CRAIG WOOD