## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| JANE DOE, § | |
|     Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO.: 5:21-CV-00369-XR |
| § | |
| § | |
| KERRVILLE INDEPENDENT § | |
| SCHOOL DISTRICT, § | |
|     Defendant. § | |

## JOINT FED. R. CIV. P. 26 REPORT

1. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.

   **There are no outstanding jurisdictional issues.**

2. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?

   **There are no unserved parties.**

3. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

   **Plaintiff's Original Complaint alleges claims for violation of Title IX of the Education Amendments of 1972 for: (1) hostile environment based on teacher-on-student sexual harassment, (2) hostile environment based on student-on-student sexual harassment, and (3) retaliation. Plaintiff's Original Complaint further makes claims for violations of 42 U.S.C. §1983 Deprivation of the Fourteenth Amendment Right to Equal Protection for sexual harassment and retaliation. Plaintiff claims damages for Defendant's alleged sexual harassment and retaliatory conduct in violation of the above-referenced statutes. Those damages are set out in Plaintiff's Original Complaint that include injunctive relief; past and future compensatory damages for physical harm, emotional distress, pain and suffering, lost earning capacity, and impairment; attorney's fees under 42 U.S.C. § 1988; prejudgment and post-judgment interest and costs of court as allowed; and for any further relief to which she may be justly entitled.**

**Plaintiff asserts the right to raise additional claims that become apparent throughout the factual development of the case.**

**Defendant alleges at no time did Defendant sexually harass or retaliate against Plaintiff. Defendant asserts all applicable statutes of limitations and pre-suit claim filing requirements. Defendant asserts that Plaintiff is not entitled to any of the relief demanded in her Complaint, and that Plaintiff is not entitled to damages, or costs in any amount.**

**Defendant claims its entitlement to recover attorneys' fees and costs of suit as a prevailing party pursuant to 42 U.S.C. §2000e-5(k), the Federal Rules of Civil Procedure and judicial interpretation. Defendant asserts the right to raise additional defenses that become apparent throughout the factual development of the case.**

4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

   **The parties will advise the Court of agreements or stipulations as discovery progresses.**

5. State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).

   A. What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

   **The Parties will exchange Initial Disclosures by August 2, 2021.**

   B. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

   **The parties will need discovery regarding Plaintiff's Title IX and Section 1983 claims as well as Defendant's defenses. The parties anticipate that discovery will be complete by May 2, 2022.**

   C  Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

   **The parties are not aware of any issues relating to disclosure or discovery of electronically stored information that need to be addressed by the Court at this time.**

   D. Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production –

whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

**The parties are not aware of any issues relating to claims of privilege that need to be addressed by the Court at this time.**

E. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

**The parties do not believe that any changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or by local rule, or that any other limitations should be imposed.**

F. Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

**The parties do not believe that any other orders should be issued under Rule 26(c) or under Rule 16(b) and (c) at this time.**

6. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?

**The parties have not commenced discovery at this time. It is anticipated that discovery will include written discovery and depositions. The discovery is routine and consistent with the parties claims and defenses, so discovery does not have to be completed in phases.**

7. What, if any, discovery disputes exist?

**There are no discovery disputes at this time.**

8. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

**The parties do not feel that such an order is needed at this time.**

9. Have the parties discussed mediation?

**The parties have discussed the possibility and timing of mediation.**

Respectfully Submitted,

By:  /s/ L. Todd Kelly                                        Date:  June 18, 2021
L. Todd Kelly
State Bar No. 2403509
E-mail: tkellyefile@carlsonattorneys.com

        **THE CARLSON LAW FIRM, P.C**.
        11606 Interstate Highway 35
        Austin, Texas 78753
        Telephone: (512) 346-5688
        Facsimile: (512) 719-4362

By:   /s/ *Amos L. Barton*                                Date: June 18, 2021
        Amos L. Barton
        State Bar No. 24031847
        E-mail: abarton@carlsonattorneys.com
        **THE CARLSON LAW FIRM, P.C.**
        301 Junction Highway, Suite 100
        Kerrville, Texas 78028
        Telephone: (830) 257-7575
        Facsimile: (830) 257-7580

        *Application for Admission Pending*

By:   /s/ *Heather Lynn Long*                       Date: June 18, 2021
        Heather Lynn Long
        State Bar No. 24055865
        Email: heather@heatherlonglaw.com
        **HEATHER LONG LAW PC**
        4310 North Central Expressway
        Dallas, Texas 75206
        Telephone: (214) 699-5994

        *Application for Admission Pending*

        **ATTORNEYS FOR PLAINTIFF**

By:   */s/ Katie E. Payne*                            Date: June 18, 2021
        Katie E. Payne
        State Bar No. 24071347
        kpayne@wabsa.com

By:   /*s/ D. Craig Wood*                         Date: June 18, 2021
        D. Craig Wood
        State Bar No. 21888700
        cwood@wabsa.com

        **WALSH GALLEGOS TREVIÑO**
        **KYLE & ROBINSON P.C.**
        1020 NE Loop 410, Suite 450
        San Antonio, Texas 78209

TEL. NO.: (210) 979-6633
FAX NO.: (210) 979-7024

**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 18th day of June 2021, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF system and has been served on all counsel of record, pursuant to Federal Rules of Civil Procedure as follows:

**COUNSEL FOR PLAINTIFF:**
L. Todd Kelly
The Carlson Law Firm, P.C.
11606 North Interstate Highway 35
Austin, Texas 78753

Amos L. Barton
The Carlson Law Firm, P.C.
301 Junction Highway, Suite 100
Kerrville, Texas 78028

Heather Lynn Long
Heather Long Law PC
4310 North Central Expressway
Dallas, Texas 75206

*/s/ D. Craig Wood*
D. Craig Wood