UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JANE DOE, *Plaintiff* | § § § | |
| vs. | § § | Case No. SA-21-CV-00369-XR |
| KERRVILLE INDEPENDENT SCHOOL DISTRICT, *Defendant* | § § § | |

**SCHEDULING ORDER**

On this day, the Court considered the status of this case. The disposition of this case is controlled by the scheduling order issued on May 10, 2022 (ECF No. 22) (the "Order"). The Order instructed parties asserting claims for relief (i.e., Plaintiff) to file its designation of testifying experts by October 14, 2022; parties resisting claims for relief (i.e., Defendant) needed to file its own designation of testifying experts by November 14, 2022. Neither party filed its designation of expert witnesses by the time established in the Order. Nonetheless, on December 14, 2022, Plaintiff designated Dr. Charol Shakeshaft as its retained expert and identified eight "non-retained experts." ECF No. 25. Defendant objected to Plaintiff's designations as untimely. ECF No. 26.

On January 6, 2023, Defendant withdrew its objections, stating that Plaintiff's designations were filed "on that date based on prior agreements to extend expert designations due to on-going depositions." ECF No. 28. Apparently, the parties previously agreed to extend expert designations to December 14, 2022 for Plaintiff and January 14, 2022 for Defendant. ECF No. 28. Neither party notified the Court of this agreement.

The parties in this case have repeatedly flouted this Court's scheduling orders. *Compare* ECF No. 12 *with* ECF Nos. 20, 22; *compare* ECF No. 22 *with* ECF No. 24. The parties were previously cautioned that that no further extensions would be granted absent extraordinary and exceptional circumstances and that this Court would not consider requests to extend deadlines that have already expired absent a showing of good cause and excusable neglect. ECF No. 22.

The parties disregarded this warning, failed to inform the Court of out-of-court proposed scheduling modifications,[1] and failed to request extensions *prior* to the deadlines established in ECF No. 22. Consequently, Defendant's objections (ECF No. 26) remained pending for almost three weeks on this Court's docket, during which time the Court's resources were spent reviewing the issues presented. This case is currently scheduled for a status conference on January 19, 2023.

---

[1] *See* FED. R. CIV. P. 16 (stating that scheduling orders may be modified *only* for good cause *and* with the judge's consent) (emphasis added).

Parties are **ORDERED** to come prepared to discuss their refusal to comply with this Court's scheduling order as well as their failure to timely request extensions.

Now before this Court is the parties' request for (1) an additional two weeks for Defendant to file its expert designations; (2) an extension of the January 11, 2023 discovery deadline; and (3) an extension of the January 16, 2023 deadline for pretrial motions. The parties also wish to maintain their current trial date, April 24, 2023.

Given the challenges associated with deposing non-party witnesses, this Court **GRANTS IN PART** these requests. The disposition of this case will be controlled by the following order. If a deadline set in this order falls on a weekend or a holiday, the effective day will be the next business day. This Court will entertain no further requests for extensions absent extraordinary and exceptional circumstances; any requests must be provided *before* the deadline passes.

### EXPERTS

Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) on or before **January 30, 2023**.

All parties shall file all designations of rebuttal experts and serve on all parties the material required by Fed. R. of Civ. P. 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fifteen (15) days of receipt of the report of the opposing expert.

An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within eleven (11) days from the receipt of the written report of the expert's proposed testimony, or within eleven (11) days from obtaining a copy of the expert's deposition, if a deposition is taken, whichever is later.

The deadline for filing supplemental reports required under Fed. R. Civ. P. 26(e) is **February 13, 2023**.

### COMPLETION OF DISCOVERY

Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the deadline.

The deadline for the completion of all discovery is **March 13, 2023**.

### ALTERNATIVE DISPUTE RESOLUTION/MEDIATION[2]

---

[2] Defendant filed an unopposed motion requesting excusal from ADR/mediation. ECF No. 24. This motion will be considered at the January 19, 2023 status conference.

The parties must mediate this case on or before **April 3, 2023** and file a report in accordance with Rule 88 within seven days after the mediation is completed.

All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and response as the Court will use these in assessing attorneys' fees and costs at the conclusion of the proceedings.

If a settlement is reached, the parties should immediately notify the Court so the case may be removed from the Court's trial docket.

**PRETRIAL MOTIONS**

No motion (other than a motion *in limine*) may be filed after this date except for good cause. The deadline to file motions (including dispositive motions and Daubert motions) is **April 17, 2023**. This deadline is also applicable to the filing of any summary judgment motion under Fed. R. Civ. P. 56 and any defense of qualified immunity. Leave of court is automatically given to file motions, responses, and replies not to exceed 30 pages in length. Fed. R. Civ. P. 6(d) does not apply to the time limits set forth in Local Rule CV-7 for responses and replies to motions.

**WITNESS LIST, EXHIBIT LIST, AND PRETRIAL DISCLOSURES**

The deadline for filing Rule 26(a)(3) disclosures is **June 2, 2023**.

The deadline for filing objections under Rule 26(a)(3) is **June 16, 2023**. Any objections not made will be deemed waived.

**JOINT PRETRIAL ORDER AND MOTION IN LIMINE**

The deadline to file a Final Joint Pretrial Order and any motion *in limine* is **June 30, 2023**.

All attorneys are responsible for preparing the Final Joint Pretrial Order, which must contain the following:

(1) a short statement identifying the Court's jurisdiction. If there is an unresolved jurisdictional question, state it;

(2) a brief statement of the case, one that the judge could read to the jury panel for an introduction to the facts and parties;

(3) a summary of the remaining claims and defenses of each party;

(4) a list of facts all parties have reached agreement upon;

(5) a list of contested issues of fact;

(6) a list of the legal propositions that are not in dispute;

(7) a list of contested issues of law;

(8) a list of all exhibits expected to be offered. Counsel will make all exhibits available for examination by opposing counsel. All documentary exhibits must be exchanged before the final pre-trial conference. The exhibit list should clearly reflect whether a particular exhibit is objected to or whether there are no objections to the exhibit;

(9) a list of the names and addresses of witnesses who may be called with a brief statement of the nature of their testimony;

(10) an estimate of the length of trial;

(11) for a jury trial, include (a) proposed questions for the voir dire examination, and (b) a proposed charge, including instructions, definitions, and special interrogatories, with authority;

(12) for a nonjury trial, include (a) proposed findings of fact and (b) proposed conclusions of law, with authority;

(13) the signatures of all attorneys; and

(14) a place for the date and the signature of the presiding judge.

**FINAL PRETRIAL CONFERENCE**

The Final Pretrial Conference shall be held on **Thursday, July 13, 2023** at **10:30 a.m.**

Motions *in limine*, if any, will be heard on this date. Counsel should confer prior to this hearing on any issues raised in a motion *in limine* or the Joint Pretrial Order. Any party intending to use a demonstrative exhibit should provide the same to opposing counsel at least 3 days prior to the Final Pretrial conference so that if any objections or issues are raised about the demonstrative exhibit, they can be addressed at the final pretrial conference.

**TRIAL**

The Jury Trial Date is **Monday, July 24, 2023** at **10:30 a.m.**

It is so **ORDERED**.

**SIGNED** this January 9, 2023

                                                   _____
                                                 XAVIER RODRIGUEZ
                                               UNITED STATES DISTRICT JUDGE