**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JANE DOE,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.: 5:21-CV-00369-XR** |
| | § | |
| | § | |
| **KERRVILLE INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| **Defendant.** | § | |

**DEFENDANT KERRVILLE INDEPENDENT SCHOOL DISTRICT'S
MOTION TO EXCLUDE EXPERT TESTIMONY OF CHAROL SHAKESHAFT**

NOW COMES Defendant Kerrville Independent School District and files this, its Motion to Exclude Expert Testimony of Charol Shakeshaft and respectfully shows as follows:

**I.   PERTINENT PROCEDURAL HISTORY**

1.      Plaintiff filed her Complaint April 12, 2021, asserting Title IX and constitutional claims based on alleged sexual harassment by former District employees Christopher Edwards and Aaron Chatagnier. *See* Dkt. No. 1. Plaintiff submitted her Expert Designations Disclosure and Dr. Charol Shakeshaft was among the experts listed and was designated to testify "regarding Defendant's policies, practices, and customs were sexually discriminating and constituted a deprivation of the right to equal protection of victims of sexual harassment, abuse, and retaliation" and "that discrimination against female students was the motivating factor." Ex. A-1, p. 11. Plaintiff served Shakeshaft's expert report and curriculum vitae, portions of which are attached as Exhibit A-1. Pursuant to the Court's text order of May 22, 2023, Defendant herein timely objects and moves to exclude the proposed expert testimony of Dr. Charol Shakeshaft.

## II. STANDARD OF REVIEW

2.     Federal Rule of Evidence 702 provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." FED. R. EVID. 702; *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S. Ct. 1167 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S. Ct. 2786 (1993). The trial judge must "ensure that any and all [expert] testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589; *Kumho Tire*, 526 U.S. at 141 (Court explained that "'gatekeeping' obligation applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge'").

3.     In determining the reliability of expert testimony, a court should look at the following, non-exclusive factors: (1) whether a theory or technique can be and has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of a technique or theory; and (4) the general acceptance of the theory or technique. *Kumho Tire*, 526 U.S. at 141; *Daubert*, 509 U.S. at 593-94. The overarching inquiry envisioned by Rule 702 is the validity - and thus the evidentiary relevance and reliability - of the principles that underlie a proposed submission. *Daubert*, 509 U.S. at 594-95. The burden is on the party offering the expert testimony to establish that it is admissible. *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). The proposed testimony and expert report of

Plaintiff's expert, Dr. Charol Shakeshaft do not meet the standards for admissibility under Rule 702 or *Daubert.* Defendant, therefore, requests that the Court strike her expert report and exclude her proposed expert testimony.

### III. ARGUMENT AND AUTHORITIES

#### A. Shakeshaft's Proposed Testimony Is Not Required To Assist The Jury

4.      Shakeshaft has been designated by Plaintiff to offer testimony as to Title IX and Section 1983 liability and "the official policies, the District's widespread practices and customs, and decisions made by authorized officials/policymakers were the moving force behind violations of Doe's constitutional rights by virtue of being unconstitutional and/or being adopted with deliberate indifference to the known or obvious fact that constitutional violations like those at issue in this case would result." Ex. A-1, p. 11. At the outset, Plaintiff cannot demonstrate that there is any recognized field of "expertise" in such areas sufficient to warrant admission of Shakeshaft's conclusions under Rule 702. This case does not involve any issue in the liability phase requiring the kind of "scientific, technical, or specialized knowledge" contemplated by Rule 702.[1] *See, Garcia v. Navasota Indep. Sch. Dist.,* H-09-3892, 2011 WL 335253, at *6 (S.D. Tex. Jan.31, 2011) (excluding expert testimony on Title IX liability and stating: "If an expert's statement offers no more than what a lawyer could offer in argument, it should be excluded.").

5.      Shakeshaft's proposed testimony consists largely of legal conclusions on ultimate issues drawn by applying the law to the facts that invade the province of the Court and the jury by trying to explain the legal standards applicable to this case (albeit inaccurately) and how the District purportedly failed to meet those standards. Expert witnesses may testify about ultimate

---

[1] In an abundance of caution, Defendant has retained their own rebuttal expert, Dr. David P. Thompson, Ph. D., to address the same standards Shakeshaft intends to address.

issues of fact, but an expert may not state legal conclusions drawn by applying the law to the facts. *United States v. Richter*, 796 F.3d 1173, 1195 (10th Cir. 2015).  Plaintiff's proffer Dr. Shakeshaft for exactly this improper purpose. To wit, "Dr. Shakeshaft will further provide testimony regarding the applicable laws, regulations, guidance, and requirements relating to Title IX, the civil rights law enacted in 1972 that prohibits sex discrimination in education." Ex. A-1, p. 11. "Dr. Shakeshaft is expected to testify regarding…Defendant's actual notice of Edwards' and Chatagnier's sexual abuse and deliberate indifference to same." Ex. A-1, p. 12. Dr. Shakeshaft is expected to testify that Defendant "created a hostile educational environment and subjected Doe to additional sexual harassment, depriving her of educational benefits." Ex. A-1, p. 14. This type of testimony has been deemed inadmissible in similar cases and should, likewise, be excluded in the case at bar. *Garcia v. Navasota Indep. Sch. Dist.,* H-09-3892, 2011 WL 335253, at \*6; *Doe v. Northside I.S.D.,* 884 F.Supp.2d 485, 495 (W.D. Tex. 2012) (finding similar expert testimony inadmissible in a substantially similar educator/student sexual harassment suit); *Salas v. Carpenter,* 980 F.2d 229, 304-305 (5th Cir. 1991) (concluding that an expert in the field of hostage negotiation cannot offer opinion testimony on whether the defendant exhibited "deliberate indifference or conscious disregard" for the safety of the victim); *see also, Iacangelo v. Georgetown University,* 560 F.Supp.2d 53 (D.C. 2008) (expert reports contained impermissible opinions and legal conclusions regarding a statutory "standard of care."). Because Shakeshaft's testimony is both unreliable and unnecessary, it should be excluded.

**B. Shakeshaft Lacks Expertise For Her Designated Subject Matter**

6.      Even if this case did require expert testimony on Title IX or Section 1983 liability, which Defendant denies, Shakeshaft is not qualified to testify about legal standards or the reasonableness of school officials' actions under Title IX or Section 1983. According to Shakeshaft's curriculum vitae, she is currently a university professor, charging $400 per hour to offer expert testimony.  Ex. A-1, pp. 77-78. Shakeshaft's resume, however, does not indicate any experience in K-12 school administration. Ex. A-1, pp. 24-25. In fact, she has <u>no</u> experience in the day-to-day operations of a school campus or a school district, and she has no experience as a public school teacher, principal or assistant principal, administrator, nor any experience working in human resources in a public school setting nor any service as a school board member. *Id.* Plaintiff has not shown that Shakeshaft is qualified to opine about Title IX or Section 1983 liability and her lack of experience demonstrates her inability to render opinions on the conclusions contained in her expert report offered to support Plaintiff's claims.

**C. Shakeshaft's Conclusory Opinions Are Not Based On Any Reliable Methodology**

7.      Additionally, Shakeshaft's expert report does not outline the methodology she used to form her opinions. "To establish reliability under *Daubert,* an expert bears the burden of furnishing 'some objective, independent validation of [his] methodology.'" *Brown v. Ill. Cent. R.R. Co.,* 705 F.3d 531, 536 (5th Cir. 2013) (quoting *Moore v. Ashland Chem. Inc.,* 151 F.3d 269, 276 (5th Cir. 1998)). "The expert's assurance that he has utilized generally accepted [principles] is insufficient." *Id.* (quoting *Moore,* 151 F.3d at 276). "Courts must be arbiters of truth, not junk science and guesswork." *Huss v. Gayden,* 571 F.3d 442, 459 (5th Cir. 2009).

- 5 -

8.      Where the challenged opinion "is fundamentally unsupported, then it offers no expert assistance to the jury." *Guile v. U.S.,* 422 F.3d 221, 227 (5th Cir. 2005) (quoting *Viterbo v. Dow Chem. Co.,* 826 F.2d 420, 422 (5th Cir. 1987)). To be admissible, an expert's opinion must be based upon sufficient facts and data, supporting the opinions. FED. R. EVID. 702; *see Burleson v. Texas Dept. Of Criminal Justice,* 393 F.3d 577 (5th Cir. 2004). A court may rightfully exclude expert testimony where a court finds that an expert has extrapolated data, and there is "too great an analytical gap between the data and the opinion proffered." *Id.; see also Moore v. Ashland Chem., Inc.,* 151 F.3d 269, 279 (5th Cir. 1998) (en banc). Expert opinion is also properly excluded when it is based on speculation, guesswork, and conjecture. *Burleson*, 393 F.3d at 587.

9.      In addition to her lack of experience in the subject matter, Shakeshaft's expert opinions are not based upon sufficient facts or data, or a sufficient understanding of the legal theories and opinions rendered. Rule 702 further requires that expert testimony is relevant. One aspect of relevance is that the opinions have a sufficient factual basis and a reliable application of the methodology to the facts. *Daubert*, 509 U.S. at 591. Shakeshaft variously asserts that the District failed to meet "guidelines" and "professional standards" and "recommendations" suggested by various federal agencies and organizations serving children. Ex. A-1, p. 89, 153, 153 n.435, 193. Here, Shakeshaft's report acts to mislead the fact-finder by citing to a plethora of guidelines and professional standards which are irrelevant to the legal obligations developed by the Supreme Court and the Fifth Circuit in *Gebser* and its progeny. While Shakeshaft variously concludes that the District breached "professional standards of care," the professional standards of care or "industry standards" are not synonymous with Title IX and Section 1983 legal standards and

such testimony regarding guidelines or best practices is irrelevant at best and highly misleading at worst.

10.     The well-established standard under Title IX for employee and student sexual abuse is that (1) a school district employee with supervisory power over the offending teacher (2) had actual notice of the harassment and (3) responded with deliberate indifference. *Gebser v. Lago Vista Indep. Sch. Dist.,* 524 U.S. 274, 290 (1998). Shakeshaft, however, erroneously employs a constructive notice standard for Title IX liability, stating in her report: "KISD's response to critical events and red flags was inadequate for preventing Jane Doe's harassment" Ex. A-1, p. 194. The United States Supreme Court summarily rejected such a standard for Title IX liability. *Gebser,* 524 U.S. at 285

11.     The Court should not accept Shakeshaft's opinions supporting Plaintiff's Title IX and Section 1983 claims that continuously draw legal conclusions by applying the law to the facts, especially where she consistently conflates guidelines or best practices with the actual relevant legal standards applicable in this case. Expert testimony is admissible only if it is both relevant and reliable. *Pipitone v. Biomatrix,* 288 F.3d 239, 244-45 (5th Cir. 2002). The district court's responsibility is "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co.,* 526 U.S. at 152. "An expert's self-proclaimed accuracy is insufficient." *Garcia v. Navasota Indep. Sch. Dist.,* H-09-3892, 2011 WL 335253, at \*6 (citing *Kumho Tire Co.,* 526 U.S. at 157).

17.     Because Shakeshaft's report and proffered testimony obfuscates the difference between purported professional standards and actual legal standards upon which the District's actions will

be judged, her opinions will only serve to confuse and mislead the jury, making her testimony inadmissible under Federal Rule of Evidence 403. Plaintiff, therefore, cannot meet her burden to prove that the requirements of Federal Rule of Evidence 702 are satisfied. Because Shakeshaft's report and conclusions are premised upon conflation of industry best practices with actual legal standards and are wholly unsupported and conclusory, they are unreliable, improper, and should be excluded.

## III.  CONCLUSION

Plaintiff cannot satisfy her burden to prove by a preponderance of the evidence that Shakeshaft's opinions are admissible under Federal Rule of Evidence 702 and the principles articulated in *Daubert, Kumho Tire,* and their progeny. As a whole, Shakeshaft's opinions lack a reliable foundation and are irrelevant, misleading and improperly state legal conclusions drawn by applying the law to the facts. Defendant, therefore, requests the Court grant its motion to exclude, and strike Plaintiff's designated expert, Dr. Charol Shakeshaft and her report and opinions from this case.

Respectfully Submitted,

By:     *//s// Katie Payne*
        Katie E. Payne
        State Bar No. 24071347
        kpayne@wabsa.com

        D. Craig Wood
        Attorney-in-Charge
        State Bar No. 21888700
        cwood@wabsa.com

**WALSH GALLEGOS TREVIÑO
RUSSO & KYLE P.C.**
100 NE Loop 410, Suite 900

San Antonio, Texas 78216
TEL. NO.: (210) 979-6633
FAX NO.: (210) 979-7024

**ATTORNEYS FOR DEFENDANT
KERRVILLE INDEPENDENT
SCHOOL DISTRICT**

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Heather Lynn Long
Heather Long Law PC
4310 North Central Expressway
Dallas, Texas 75206

Amos L. Barton
The Carlson Law Firm, P.C.
301 Junction Highway, Suite 100
Kerrville, Texas 78028

*//s// Katie Payne*
Katie E. Payne