IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JANE DOE, *Plaintiff* | § § § | |
| -vs- | § § | SA-21-CV-00369-XR |
| KERRVILLE INDEPENDENT SCHOOL DISTRICT, *Defendant* | § § § § | |

# ORDER

On this date, the Court considered Plaintiff Jane Doe's ("Doe") sealed motion (ECF No. 71), Defendant Kerrville Independent School District's response (ECF No. 77), and Doe's reply (ECF No. 79). At issue before the Court is whether Defendant can properly assert attorney-client privilege and work product protection to claw back Exhibit A-28 (ECF No. 59-29).[1] ECF No. 71. After careful consideration, the Court **GRANTS** Doe's motion and holds that any attorney-client privilege or work-product protection applicable to the notes depicted in Exhibit A-28 has been waived.

## BACKGROUND

On July 21, 2022, Doe deposed the former School Resource Officer assigned to Tivy High School at the time of this suit's relevant events, Constable Paul Gonzales ("Gonzales"). ECF No. 71 at 3. During that time, Gonzales disclosed he had been prepared for his deposition twice by Defendant's attorneys. *Id.* On August 24, 2022, Doe served an interrogatory response asking about the nature of one of those meetings disclosed during Gonzales's deposition. *Id.* at 4. This

---

[1] These two pages of handwritten notes appear to be notes prepared by Principal Shelby Balser and reflect "procedural and substantive discussion led by defense counsel Craig Wood to prepare current and former KISD employees for deposition in this lawsuit, as well as counsel's opinions and legal conclusions." ECF No. 77 at 2; *see also* ECF No. 71 at 1.

1

Interrogatory identified Gonzales as "the School Resource Officer at Tivy High School while Jane Doe attended Tivy." ECF No. 71-3 at 4. In response, Defendant identified a January 10, 2022, meeting. *Id.*

On October 26, 2022, Doe deposed Principal Shelby Balser and allegedly "questioned Balser at length about the January 2022 meeting." ECF No. 71 at 4–5. During this deposition, Doe asked about notes from the meeting. *Id.* at 5. Doe's counsel then verbally requested Balser's notes, to which Defendant's counsel responded: "I don't think that's a problem." *Id.* at 5. On March 20, 2023, Defendant responded to an explicit request for production asking for: "Notes taken by an individual who participated in the January 10, 2022, meeting discussed during Kerr County Constable Paul Gonzales's deposition (taken July 21, 2022) and further mentioned in Defendant's Responses to Interrogatories." *Id.* at 5–6. Defendant did not assert any specific claim of privilege in its response to this specific request and cited to the bates numbers associated with the notes at issue. *Id.*; *see also* ECF No. 71-1 at 3–4.

On April 17, 2023, Defendant served an expert witness report on Doe. ECF No. 71-9. In this report, Defendant's witness claimed to have reviewed the first page of the Blaser Notes. *Id.* at 6 n.4.

On July 17, 2023, Doe filed its Response to Defendant's Motion for Summary Judgment, including the Balser notes as Exhibit A-28 (ECF No. 59-29). Over a month later, on August 23, 2023, Defendant's counsel notified Doe's counsel that it believed Exhibit A-28 was purportedly subject to the attorney-client privilege and attorney work product privileges and produced inadvertently during discovery. ECF No. 71-4. Moreover, in its reply in support of its motion for summary judgment, Defendant asserted Exhibit A-28 was inadmissible pursuant to Federal Rule of Evidence 502 and that Defendant "inadvertently disclosed this information, took reasonable

steps to prevent its disclosure and upon its discovery on August 23, 2023, promptly took reasonable steps to rectify the error, including notifying [Doe's] counsel pursuant to FRCP 26(b)(5)(B)." ECF No. 69 at 3.

On September 1, 2023, Doe filed the sealed motion asking the Court to determine and overrule Defendant's claim of privilege. ECF No. 71.

## DISCUSSION

The attorney-client privilege and the work product protection are not absolute. *See United States v. Edwards*, 303 F.3d 606, 618 (5th Cir. 2002). Indeed, voluntary disclosure of covered communications or documents will waive these privileges. *Alldread v. City of Grenada*, 988 F.2d 1425, 1434 (5th Cir. 1993); *see also* FED. R. EVID. 502. In federal proceedings, waiver of these privileges is governed by Federal Rule of Evidence 502(b), which states:

> When made in a federal proceeding or to a federal office or agency, the disclosure does not operate as a waiver in a federal or state proceeding if: (1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

FED. R. EVID. 502(b). "The party claiming that its disclosure was inadvertent bears the burden of proving that each of the three elements of Rule 502(b) has been met." *Williams v. District of Columbia*, 806 F. Supp. 2d 44, 48 (D.D.C. 2011).

Courts have applied two approaches when determining whether disclosure of an attorney-client privileged communication and/or work product protected document is inadvertent. Some "courts look at several factors to determine whether the 'inadvertent' element has been satisfied, including the total number of documents reviewed, the procedures used to review the documents before production, and the actions of the producing party after discovering that the documents had been produced." *T&W Holding Co., LLC v. City of Kemah*, 641 F. Supp. 3d 378, 382 (S.D. Tex.

2022). Other courts "essentially ask[] whether the party intended a privileged or work-product protected document to be produced or whether the production was a mistake." *Id.*

Doe argues that Defendant's disclosure would not meet either test. ECF No. 71 at 9. According to Doe, Defendant did not overlook the notes in a voluminous review. *Id.* Defendant's counsel identified and obtained the notes when responding to an interrogatory. *Id.* Further, Doe argues she specifically asked for the notes from the January 10, 2022, meeting. *Id.* And Defendant produced only the Balser notes (ECF No. 59-29). *Id.* In contrast, Defendant argues in a lone paragraph that its disclosure was inadvertent. Defendant's counsel argues the wording of Doe's "request for the production of documents" led to "a mistaken belief that Gonzales had not been a Kerrville ISD employee." ECF No. 77 at 4.[2] Doe has the better argument. Defendant did not engage in a voluminous review and produced the notes in response to Doe's specific inquiry. Thus, the Court holds the disclosure of these notes was not inadvertent.

Moreover, even if Defendant's disclosure was inadvertent, Defendant failed to take reasonable steps to rectify the disclosure under FRE 502(b). Doe filed Exhibit A-28 along with her motion for summary judgment in mid-July. ECF No. 59. Yet, Defendant waited over a month to notify Doe that the notes reflect protected attorney-client information and attorney work product. ECF Nos. 69; ECF No. 71 at 9–10. Thus, these notes were publicly available for more than a month. Accordingly, Defendant failed to promptly take reasonable steps to rectify its error.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Doe's sealed motion (ECF No. 71). Any attorney-client privilege or work-product protection applicable to the notes depicted in Exhibit A-28 has been waived.

---

[2] Notably, eight lines above the allegedly misleading language, Doe clearly identified Gonzales as "the School Resource Officer at Tivy High School while Jane Doe attended Tivy." ECF No. 71-3 at 4.

The Clerk is **DIRECTED** to unseal Exhibit A-28 (ECF No. 59-29).

It is so **ORDERED**.

**SIGNED** this 28th day of November, 2023.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE