IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JANE DOE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 5:21-cv-00369 |
| KERRVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF JANE DOE'S OBJECTIONS TO DEFENDANT KISD'S TRIAL EXHIBITS

Jane Doe objects to the following exhibits Kerrville Independent School District identified on its Second Supplemental Rule 26 Disclosures (Doc. 83). The following exhibits should be excluded from evidence for the reasons stated below. Jane asks this Court to sustain her objections and exclude these exhibits from trial.

## OBJECTIONS

### I.     Exhibit D-17: TSTA/NEA Posting (KISD0005259–5260)

Defendant's Exhibit D-17 is an undated document titled "Your Conduct" that appears to be authored by the TSTA/NEA— the Texas State Teachers Association, an affiliate of the National Education Association. Exhibit D-17 is inadmissible for the following reasons:

1. The two-page document titled "Your Conduct" lacks the authentication required by the rules of evidence. *See* FED. R. EVID. 901, 902. "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." FED. R. EVID. 901.

    KISD has yet to bring a witness or other evidence to establish Exhibit D-17 is what it claims to be. The document does not contain a date or information showing when it was created or how it got to KISD. Even assuming the TSTA and/or NEA authored created the document, those entities are not parties to this litigation and have not been identified as potential witnesses for trial. *See* KISD's Second Suppl. Rule 26 Disclosures at 1–5.

2. KISD has also failed to lay the foundation necessary to show Exhibit D-17's relevance as required by Rules 401 and 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence to determining the action." FED. R. EVID. 401. "Irrelevant evidence is not admissible." FED. R. EVID. 402.

    Although information in the document touches on relationships between educators and students, it does not contain a date of publication, articulate the purpose of the document, reveal who from KISD had it, when (if at all) someone from KISD had it, or how the document even came to be in KISD's possession. It

could be something a teacher at KISD acquired after Jane left the school district or something KISD found in a stray file folder that never made its way into the hands of any of the individuals associated with the events at issue. Such a document cannot meet the definition of relevance unless there is some evidence to connect it to the underlying events and individuals involved.[1]  KISD has not presented such predicate evidence and, thus, cannot establish its relevance. Exhibit D-17 should be excluded under Rules 401 and 402.

3.  Jane also objects to Exhibit D-17 as inadmissible hearsay to which no exception applies. *See* FED. R. EVID. 801, 802, and 803. The document meets the definition of hearsay because it contains out-of-court statements being offered for the truth of the matter asserted. FED. R. EVID. 801. It was not made by either party to this litigation and does not satisfy any exception to the rule against hearsay. *See* Fed. R. Evid. 802, 803, and 804. As a result, Exhibit D-17 is inadmissible.

## II.  Exhibit D-18: "Kerrville Independent School District Website information [sic] on Title IX (KISD004786–4789)

The "Website information on Title IX" KISD offers as Exhibit D-18 was not created until after the events at issue. KISD's Title IX webpage did not look like that while Jane attended high school in the District. The undisputed evidence shows KISD's

---

[1] *See e.g.*, *Walker v. Energy Transfer Partner, LLC*, No. 5:18-CV-0630, 2020 WL 730899, 2020 U.S. Dist. LEXIS 24777, at *9–10 (W.D. La. Feb. 11, 2020) (employment action where undated, non-time stamped photographs that proponent could not prove when or why they were taken satisfied the relevance requirement because additional testimony showed two witnesses saw the photos before terminating the plaintiff).

Superintendent, Dr. Mark Foust, served as the District's designated Title IX Coordinator throughout the relevant time period. The pages offered as Exhibit D-18 identify Tamala Crawford as the Title IX Coordinator. The exhibit also refers to the 2020 Title IX Regulations, which were issued after Jane graduated from Hill Country High School.

The materials available through the live hyperlinks on pages KISD0004788–4789 (previously filed with the Court as Doc. 51-22) link to information generated after the relevant time.

| | |
|---|---|
| To view an electronic copy of the District's Title IX policies, FFH(LEGAL) and (LOCAL) and DIA(LEGAL) and (LOCAL), please go to: https://pol.tasb.org/Policy/Code/768?filter=FFH | Links to KISD Board Policy FFH (Legal) issued on 06/30/2022.[2] |
| To obtain a copy of the District's Title IX policies, including the grievance process that complies with 34 C.F.R. § 106.45(b) of the 2020 Title IX Regulations by visiting https://pol.tasb.org/Policy/Code/768?filter=FNG (student), https://pol.tasb.org/Policy/Code/768?filter=GF (community), https://pol.tasb.org/Policy/Code/768?filter=DGBA (employee) or by contacting Wade Ivy, as noted above. | Links to KISD Board Policy FNG (Legal) issued on 11/09/2021 and two outdated policies. |
| Access the Formal Title IX Complaint Form by clicking the underlined. | Links to a complaint form that identifies Tamala Crawford as Title IX Coordinator. |
| **Title IX Training Materials**<br>All materials used to train Title IX personnel are available by clicking here and are also available for inspection upon request by contacting Tamela Crawford. | Links to a PowerPoint file titled "Title IX Update" dated 2020–2021. |
| Title IX Training Handout | Links to a presentation by Dennis J. Eichelbaum on September 10, 2020, titled "New Title IX Rules and Regulations: Overview and Forms". |

---

[2] Doc. 51-22, submitted as an exhibit to KISD's summary judgment motion, contains active links to the post-dated materials. Links pictured directly in this filing are images of the relevant portions of the document and, as a result, do not contain active links.

Jane objects to the admission of Exhibit D-18 and any of the materials linked through the hyperlinks in the document for the reasons below.

1.  It has not been and cannot be properly authenticated as what KISD purports it to be— the KISD Webpage for Title IX that was available during the time Jane attended school in KISD. *See* FED. R. EVID. 901, 902.

2.  Exhibit D-18 is also irrelevant because it was created after the relevant time period. *See* FED. R. EVID. 401, 402. She further objects to the exhibit as inadmissible evidence of subsequent remedial measures that KISD is not offering for a permissible other purpose. FED. R. EVID. 407.

3.  To the extent Exhibit D-18 holds any probative value, that value is substantially outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, and/or undue delay. See FED. R. EVID. 403.

4.  Jane also objects to both of the linked presentations as irrelevant, hearsay, hearsay within hearsay, and inadmissible based on KISD's failure to identify them on the District's exhibit list. See FED. R. EVID. 401, 402, 801, 802, 803; 805 FED. R. CIV. P. 26; *see also Ramos v. Taylor*, 646 F. Supp. 3d 807, 815 (W.D. Tex. 2022) (citations omitted) ("A hyperlink to a webpage does not qualify as an attached document" and is insufficient to submit documents to the Court or make them of

record.). The materials are also inadmissible as subsequent remedial measures and are not being submitted for some other proper purpose. *See* FED. R. EVID. 407.

## III. Exhibit D-23: Policy Update 112 PowerPoint (KISD0004161) *and* Exhibit D-24: Policy Update 115 PowerPoint (KISD0004459)

Exhibit D-23 (dated March 25, 2019) and Exhibit D-24 (dated September 21, 2020) are both PowerPoint presentations related to potential or upcoming changes in KISD's Board Policies. The presentations were made after Jane graduated from Hill Country High School and was no longer a KISD student. Jane objects to these exhibits as irrelevant, inadmissible subsequent remedial measures, and inadmissible under Rule 403. She further adopts the arguments made in Section II of this brief in support of her objections to Exhibits D-23 and D-24.

## IV. Exhibit D-56: Course Details (KISD0004461–4473) *and* Exhibit D-57: Course Details (KISD0005834–5846)

The "Course Details" documents submitted as Exhibit D-56 and Exhibit D-57 appear to be duplicate copies of a series of screenshots. A typed statement appears at the top of the first page of each document. It states:

> Kerrville ISD Employees are required to annually participate in training to prevent and properly report sexual harassment. What follows are screen shots of the on-line training pages.

It was inserted in the documents by an unidentified declarant and the identity of the individual who made the screenshots is unknown. The statements typed onto the screenshots that make up both exhibits as inadmissible hearsay. *See* FED. R. EVID. 801, 802, and 803. The exhibits also lack authentication. *See* FED. R. EVID. 901, 902.

Finally, the "Course Details" exhibits suffer from the same admissibility problems as KISD's after-the-fact Title IX website and post-incident Policy Updates discussed in earlier sections of this brief— they depict images of training materials that did not exist until *two school years after* Jane left KISD.



KISD's sexual harassment training from 2021-2022 is not relevant or in any way indicative of training offered during the years when the sexual abuse, sexual harassment, failures to supervise, and retaliation at issue in Jane's case took place. *See* FED. R. EVID. 401, 402. The exhibits are at best evidence of subsequent remedial measures that are not being offered for some other proper purpose. FED. R. EVID. 407.

Alternatively, any probative value of Exhibits D-56 and D-57 is substantially outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, and/or undue delay. *See* FED. R. EVID. 403. Jane asks the Court to decline KISD's invitation to commit error and exclude Exhibits D-56 and D-57.

**V.     Exhibit D-69: Dr. David Thompson CV *and* Exhibit D-70: Expert Report of Dr. David Thompson**

KISD offers the curriculum vitae and report from its expert, Dr. David Thompson, as trial exhibits. Jane conditionally objects to these exhibits as inadmissible hearsay. *See* FED. R. EVID. 801, 802, and 803. She will withdraw her objection if the parties agree that

both sides can admit the curriculum vitae and reports from their respective experts. *See* Doc. 86, Doe's Rule 26 Pretrial Disclosures at 15 (Exhibits Doe-129, 130, 131, and 132).

## VI.   Exhibits D-71 through D-78: Fact Witness Depositions

KISD seeks to offer all of the fact witness depositions in this case as trial exhibits. KISD Second Suppl. Rule 26 Disclosures at 8–9. The District's exhibit list does not specify whether it intends to offer those depositions in transcript or video format. It refers to the depositions as a whole and does not provide specific page and line designations for the proposed exhibits. *Id.* This lack of specificity unfairly prejudices Jane and impairs her ability to fully identify any objections she has to this deposition testimony.

It also contradicts KISD's trial witness disclosures, which required the District to identify any witnesses it intended to call by deposition and designate the portions of each deposition that it intends to offer. *See* Doc. 80, Am. Sched. Ord.; FED. R. CIV. P. 26(a)(3). KISD's witness disclosure states: "At this point, Defendant does not anticipate calling any witness by deposition testimony except for impeachment or rebuttal purposes. . . ." Second Suppl. Rule 26 Disclosures at 5. Designating the depositions as exhibits contradicts that statement and puts Jane at risk of being unfairly surprised by last-minute deposition designations as she prepares for trial.

Finally, Federal Rule of Civil Procedure 32(c) sets out the form in which parties may present deposition testimony during a jury trial. It states:

> Unless the court orders otherwise, a party must provide a transcript of any
> deposition testimony the party offers, but may provide the court with the

testimony in nontranscript form as well. **On any party's request, deposition testimony offered in a jury trial for any purpose other than impeachment must be presented in nontranscript form, if available, unless the court for good cause orders otherwise**.

FED. R. CIV. P. 32(c) (emphasis added). Jane requests any deposition testimony offered at trial for purposes other than impeachment presented via video (non-transcript form) unless the deposition was not videotaped. She further objects to the admission of depositions as exhibits and to transcripts or video recordings of deposition testimony offered by either party going back to the jury room during deliberations.

<u>PRAYER</u>

For the reasons stated above, Jane Doe asks the Court to sustain her objections to the exhibits identified above, exclude those exhibits from trial, and for such other relief to which she may be justly entitled.

Respectfully Submitted,

Heather Lynn Long
Texas Bar No. 24055865
heather@heatherlonglaw.com
HEATHER LONG LAW PC
4310 North Central Expressway
Dallas, Texas 75206
Phone: (214) 699-5994

Amos L. Barton
Texas Bar No. 24031847
Abarton@carlsonattorneys.com
THE CARLSON LAW FIRM, P.C.
301 Junction Highway, Suite 100
Kerrville, Texas 78028
Phone: (830) 257-7575
Fax: (830) 257-7580

ATTORNEYS FOR JANE DOE

## CERTIFICATE OF SERVICE

A true and correct copy of these objections was filed with the Court and served

on all parties through the Court's electronic filing system on January 5, 2024.

_____
Heather Lynn Long