IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | Civil Action No. 5:21-cv-00369 |
| | § | |
| KERRVILLE INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| *Defendant*. | § | |

### NON-PARTY DR. MARK FOUST'S
### EMERGENCY MOTION TO QUASH TRIAL SUBPOENA

Pursuant to Fed. R. Civ. P. 45, subpoenaed non-party Dr. Mark Foust files the following emergency motion to quash trial subpoena.

### INTRODUCTION

1. This motion concerns a subpoena served on non-party Dr. Mark Foust on April 2, 2024, to attend the trial of this lawsuit on April 8, 2024. Because of the short time for compliance, this motion is filed as an "emergency" motion. If the Court requires a hearing, movant's counsel requests a telephone hearing since counsel (who is admitted to the Western District) is located in McKinney, Texas.

2. The Plaintiff in this lawsuit is Jane Doe. The Defendant is Kerrville Independent School District. The movant is non-party Dr. Mark Foust, who is Kerrville ISD's *former* Superintendent. Dr. Foust is not employed by Kerrville ISD; rather, he has been Superintendent of Northwest Independent School District (located in the Dallas-Fort Worth area) since January 2023.

3. On April 2, 2024, Plaintiff Jane Doe served a subpoena on Dr. Foust commanding him to appear to testify at trial in San Antonio on Monday, April 8, 2024 at 9:00 a.m. A copy of

this subpoena is attached as Exhibit A to Dr. Foust's Declaration, which is attached to this motion as Exhibit 1.

4.     Dr. Foust asks the Court to quash this subpoena.

## ARGUMENT

5.     A court must, on timely motion, quash or modify a subpoena if the subpoena (1) does not allow reasonable time to comply, (2) requires a person to comply with a subpoena beyond the geographic limits set under Fed. R. Civ. P. 45(c), (3) requires disclosing privileged or protected material and no exception or waiver applies, or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(i-iv).

6.     This motion is filed before the time for performance on April 8, 2024, and is therefore timely. See *Metro PCS v. Thomas,* 327 F.R.D. 600, 615 (N.D. Tex. 2018) (timely "mean[s] within the time set in the subpoena for compliance").

7.     This Court must quash Plaintiff Jane Doe's trial subpoena for the following reasons:

(a)    The subpoena does not allow a reasonable time to comply – less than seven days notice to travel approximately 300 miles to a different city is not a reasonable time to respond. Fed. R. Civ. P. 45(d)(3)(A)(i). See, e.g., *Arch Ins. Co. v. Centerplan Constr. Co., LLC,* 2017 U.S. Dist. Lexis 182070, *2 (D. Conn. 2017) ("Courts within this circuit have ruled the service of a subpoena five to nine days in advance of a hearing is not 'reasonable time to comply.'") (collecting cases); *Verisign, Inc. v. XYZ.com, LLC,* 2015 U.S. Dist. Lexis 162772, *7 (D. Del. 2015) ("Federal courts have also found that seven days is 'clearly unreasonable.'") (citing cases); *Brown v. Hendler,* 2011 U.S. Dist. Lexis 9476, *5 (S.D. N.Y. 2011) ("Federal courts have also found compliance times of eight and seven days not to be reasonable.") (collecting cases).

(b) The subpoena requires Dr. Foust to travel beyond the geographic limits of Rule 45(c). Fed. R. Civ. P. 45(d)(3)(A)(ii). Specifically, the subpoena requires Dr. Foust, who is a non-party and is not an officer of Defendant Kerrville ISD, to travel more than 100 miles from where he resides, is employed, or regularly transacts business in person to attend trial in San Antonio. As established by the Declaration of Dr. Foust (Exhibit 1 hereto), Dr. Foust works **300.5 miles** (at least 4 hr. 12 min. driving time) from the federal courthouse in San Antonio and he resides **298.5 miles** (at least 4 hr. 12 min. driving time) from the federal courthouse in San Antonio.[1]

(c) The subpoena would cause Dr. Foust, a non-party, to incur substantial expenses and undue burden to attend trial. Fed. R. Civ. P. 45(d)(3)(A)(ii, iv). See also *Jordan v. Comm'r, Miss. Dep't of Corr.,* 947 F.3d 1322, 1337 (11th Cir. 2020) ("The status of the subpoena recipient as a non-party is also a factor that can weigh against disclosure in the undue burden inquiry."); *Exxon Shipping Co. v. United States Dep't of Interior,* 34 F.3d 774, 779 (9th Cir. 1994) ("The Federal Rules also afford nonparties special protection against the time and expense of complying with subpoenas."); *Whitlow v. Martin,* 263 F.R.D. 507, 512 (C.D. Ill. 2009) ("Non-party status is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue."). Here, in addition to requiring Dr. Foust to travel 300 miles to attend trial (600 miles roundtrip), Dr. Foust is not available on the day subpoenaed for compliance because of his work obligations as Northwest ISD's Superintendent. Moreover, Dr. Foust will also incur the burden and expense of staying overnight at a hotel in San Antonio. See Declaration of Dr. Foust.

## CONCLUSION

8. For these reasons, non-party Dr. Mark Foust asks the Court to grant his motion to quash Plaintiff Jane Doe's trial subpoena.

---

[1] These distances were generated by MapQuest, which has been recognized by the courts as a proper distance measurement tool. E.g., *U.S. v. Ferguson,* 432 F.Supp.2d 559, 563 and n. 5 (E.D. Va. 2006).

Respectfully submitted,

**ABERNATHY, ROEDER, BOYD & HULLETT, P.C.**

*/s/ Charles J. Crawford*
**CHARLES J. CRAWFORD**
State Bar No. 05018900
1700 Redbud Blvd., Suite 300
McKinney, Texas 75069
(214) 544-4000 Phone
(214) 544-4040 Fax
ccrawford@abernathy-law.com

**ATTORNEY FOR DR. MARK FOUST**

## CERTIFICATE OF SERVICE

I certify that on April 3, 2024, the foregoing pleading was served upon all counsel of record through the Court's ECF system.

*/s/ Charles J. Crawford*
Charles J. Crawford